The judgment is affirmed.

*Affirmed.*

Opinion delivered June 6, 1888.

25a 533
25a 536

## No. 6012.

## ED. PERIGO AND EVA PEARL *v.* THE STATE.

1. FORNICATION—EVIDENCE.—As a general rule it is not competent in a prosecution for fornication, for the State to prove that the female defendant has the reputation of being a prostitute. But, in view of the confessions of the accused in this case, which established that the female defendant was a prostitute, the admission of the incompetent proof of reputation can not be held material error.

2. CONFESSIONS — CHARGE OF THE COURT.—The separate confessions of joint defendants, though admissible on their joint trial, only affect the makers respectively and severally. But if the prosecution be for a misdemeanor, the omission of the court to charge the jury upon this doctrine is not error unless such charge be requested.

APPEAL from the County Court of Bell. Tried below before the Hon. J. M. Roseborough, County Judge.

The conviction was for fornication, and the penalty assessed was a fine of fifty dollars against each of the defendants.

Frank Baker was the first witness for the State. He testified that he was deputy marshal of the town of Temple, in Bell county, Texas. He knew Ed. Perigo, who was a man, and Eva Pearl, who was a woman. They lived together in Temple, Texas, in a little three roomed house which they had occupied for four years. Perigo always paid the rent for that house. The said Perigo had often told the witness that Eva Pearl was his "woman." He sometimes called her his "d—d whore." Eva Pearl, who was generally reputed to be a prostitute, had often told witness that Ed. Perigo was her "man." Mr. Taylor testified, for the State, substantially as did Baker.

Mr. Laudeker testified, for the defense, that to his knowledge Perigo had a room in the "little three room" house separate and distinct from that of Eva Pearl. Witness had often slept with said Perigo, and on such nights he never saw anything of the defendant Eva Pearl.

No brief for the appellant.

W. L. Davidson, Assistant Attorney General, for the State.

HURT, JUDGE. Appellants Perigo and Pearl were jointly indicted and convicted for fornication. Upon the trial, over objection of Eva Pearl, the State proved that she had the reputation of being a prostitute. In this case (not in all cases) such proof is not admissible; but, in making proof of the offense charged, the confessions of each defendant were introduced in evidence, and these confessions clearly show Eva Pearl to be a prostitute.

An act, though a distinct offense from that being tried, being a circumstance tending to prove the offense being tried, is competent evidence. With much stronger reason will an irrelevant fact be admissible when it is inseparably connected with a competent fact. Now, the confessions of the parties not only tend to establish guilt of the offense charged, but they very strongly show that Eva Pearl was a prostitute—not in terms, but the inference is inevitable. We think there was no injury to ap-

pellants resulting from this evidence, especially when reference is had to the punishment, the lowest permitted by law.

Appellants being jointly tried, the confessions of each, though not made in the presence of the other, were admissible, and, if desired, each defendant should have requested instructions to the effect that the confessions could bind the party making them only. This was not done, nor was there objection made at the time that the jury were not so instructed by the charge. This being a misdemeanor, the accused must request proper instructions, and specially except to errors in the charge at the time, reserving bills of exception.

We find no error for which the judgment should be reversed. The judgment is affirmed.

*Affirmed.*